UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MANOUCHCAR PIERRE-VAL, on behalf of
herself and those similarly situated,

    Plaintiff,

CASE NO.:

v.

BUCCANEERS LIMITED PARTNERSHIP,
d/b/a Tampa Bay Buccaneers.

    Defendant.

_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MANOUCHCAR PIERRE-VAL ("Plaintiff"), on behalf of herself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendant, BUCCANEERS LIMITED PARTNERSHIP, d/b/a Tampa Bay Buccaneers ("BUCCANEERS" or "Defendant") and states as follows:

### NATURE OF THE ACTION

1. Plaintiff alleges on behalf of herself and other similarly situated current and former "cheerleader" employees of the Defendant, who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendant (ii) entitled to minimum wages from Defendant for work they performed, for which Defendant failed to compensate them at a rate of at least minimum wage; (iii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq; (iv) entitled to declaratory relief pursuant to 28 U.S.C. §2201; and (v) entitled to attorneys' fees and costs.

2. According to the Tampa Bay Buccaneers' current website, www.buccaneers.com, "[t]he Tampa Bay Buccaneers Cheerleaders have served as entertainers on the sidelines of the

Buccaneers' home games for over 30 years and have evolved into one of the premier cheerleading teams in the NFL. The team is an integral part of the game day experience and community outreach for the organization. *As a Tampa Bay Buccaneers Cheerleader, the ladies are consistently busy rehearsing, performing, and volunteering for community events and appearances*. The squad makes approximately 300 community appearances every year for both non-profit organizations and corporate events. The ladies are actively involved in the community relations activities and programs generated by the organization. Additionally, the team is invited to serve as ambassadors for the NFL across the country and overseas on various military tours, bringing smiles to the men and women who valiantly serve the United States.

3. Among other things, the cheerleaders are required to attend at least four (4) to fifteen (15) hours of mandatory practices per week, arrive approximately four (4) hours prior to home game start times, and are required to perform at least forty (40) hours of community appearances, but they do not receive any compensation for this time.

4. According to Defendant's website, "[t]he squad makes approximately 300 community appearances every year for both non-profit organizations and corporate events."

5. Despite the many hours Plaintiff and other similarly situated employees ("class members") are required to work both during game days and throughout the year, Defendant only compensates them $100.00 per game for an average of eight (8) home games per year, plus limited wages for appearances made at paid corporate events.

6. As a result of the many hours the class members are suffered/permitted to work each week and each year, and the extremely low wages the Buccaneers pays them in return, the class members are paid far less than the applicable Florida and federal mandated minimum wage in most if not all workweeks.

## JURISDICTION

7. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover minimum wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

6. The jurisdiction of the Court over this controversy is based upon 29U.S.C. §216(b).

7. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

8. Venue is proper in this Court because Plaintiff resides within the District, Defendant maintains business operations within the District, and Plaintiff's claims accrued in this District.

## PARTIES

9. At all times material hereto, Plaintiff was, and continues to be a resident of Hillsborough County, Florida.

10. At all times material hereto BUCCANEERS was a Florida Limited Partnership. Further, at all times material hereto, BUCCANEERS was engaged in business in Florida, with a principle place of business in Hillsborough County, Florida.

11. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA. Specifically, throughout her employment, Plaintiff and the other cheerleaders regularly handled exercise equipment and uniforms that were located outside the State of Florida.

## COVERAGE

12. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

13. At all times material hereto, Defendant was the "employer" within the meaning of FLSA.

14. Defendant was, and continues to be an, "employer" within the meaning of FLSA.

15. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA, by virtue of their simultaneous multi-state operations each year relevant to the instant case (2009-2014), and its regular purchase and receipt of items from out of state, including food, drinks, alcoholic beverages, cash registers, phones, sports equipment, uniforms, and other materials and tools that are necessary and integral to their business.

16. At all times material hereto, Defendant was, and continues to be an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

17. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

18. At all times material, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    a. Engaged in commerce; or

    b. Engaged in the production of goods for commerce; or handling, selling or working on goods or materials that have been moved in or produced for

commerce. (i.e. food, drinks, beverages, cash registers, game equipment, and uniforms.

19. Therefore, Defendants are an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

20. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

21. In or about April 2012, Defendant hired Plaintiff to work as a non-exempt "Cheerleader."

22. From at least April 2012 and continuing through March 2013, Defendant failed to pay Plaintiff at least the applicable minimum wage for all weeks or hours worked.

23. Among other wholly uncompensated work activities that Plaintiff was suffered/permitted to work, Defendant failed to pay Plaintiff any compensation whatsoever for her mandatory attendance at practices, non-profit community events, and other work performed.

24. Defendant has violated Title 29 U.S.C. §206 from May 2011 and continuing to date, in that:

   a. No payments, or insufficient payments and/or provisions for payment, have been made by Defendant to properly compensate Plaintiff and those similarly situated to Plaintiff at a rate equal to the applicable Federal or Florida Minimum Wage, for all weeks worked, as required by the FLSA; and

   b. Defendant has failed to maintain proper time records as mandated by the FLSA.

25. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent

5

Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff and the class members were all "cheerleaders" and performed the same or similar job duties as one another in that they provided entertainment to Defendant's patrons, and served as Defendant's ambassadors at public events throughout the Tampa Bay area.

27. Plaintiff and the class members were subjected to the same pay provisions in that they were all paid solely a flat rate for work performed only at home games, and were not compensated for practices and required appearances throughout the year.

28. Defendant's uniform method of payment to Plaintiff and the class members resulted in a failure to pay Plaintiff and the class members the required minimum wages due under the FLSA.

29. This policy or practice was applicable to Plaintiff and the class members.

30. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.

31. Rather, the same policy or practice which resulted in the non-payment of minimum wages to Plaintiff applied and continues to apply to all class members.

32. Accordingly, the class members are properly defined as:

**All "Cheerleaders" who worked for Defendant within the last three years who were not compensated at the required minimum wages due under the FLSA.**

33. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay minimum wages with respect to Plaintiff and the class members.

34. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

35. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

36. Defendant has failed to maintain accurate records of Plaintiff and the class members' work hours in accordance with the law.

## COUNT I
## RECOVERY OF MINIMUM WAGES (FLSA)

37. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-36 above.

38. Plaintiff was entitled to be paid the applicable minimum wage for each week Plaintiff worked during Plaintiff's employment with Defendant.

39. Plaintiff is entitled to receive the applicable statutory Florida minimum wage rate for all hours worked during her employment with Defendant pursuant to 29 C.F.R. 778.5.

40. Defendant failed to pay Plaintiff the applicable minimum wage for each week Plaintiff worked for Defendant.

41. As a result of Defendant's actions in this regard, Plaintiff has not been paid the legally mandated minimum wages for one or more weeks of employment with Defendant.

42. Defendant had specific knowledge that it was paying sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least the required minimum wages.

43. Defendant willfully failed to pay Plaintiff the applicable minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

44. As a direct and proximate result of Defendant's deliberate underpayment of

wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

45. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

46. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

   a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, advising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and her counsel to represent the Collective Action members;

   b. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and/or minimum wage provisions of the FLSA;

   c. Awarding Plaintiff minimum wages in the amount due to her for Plaintiff's time worked in each work week;

   d. Awarding Plaintiff liquidated damages in an amount equal to the minimum wages award;

   e. Awarding Plaintiff pre-judgment interest; and

   f. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: 5/19/14

_____
Kimberly D. Woods, Esq.
Florida Bar No.: 0025871
MORGAN & MORGAN, P.A.
20 N. Orange Avenue, 14th Floor
Orlando, Florida 32801
Tel: (407) 420-1414
Fax: (407) 245-3383
E-Mail: kwoods@forthepeople.com

Andrew R. Frisch, Esq.
Florida Bar No.: 27777
MORGAN & MORGAN, P.A.
600 North Pine Island Road
Suite 400
Plantation, Florida 33324
Tel: (954) 318-0268
Fax: (954) 327-3013
E-Mail: afrisch@forthepeople.com

*Trial Counsel for Plaintiff and the Putative Class*