**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**MANOUCHCAR PIERRE-VAL, on behalf
Of herself and those similarly situated,**

      **Plaintiff,**

Vs.                                **Case No: 8:14-cv-1182-T-33EAJ**

**BUCCANEERS LIMITED PARTNERSHIP,**
d/b/a Tampa Bay Buccaneers,

      **Defendant.**
_____/

**MOTION TO STAY CONSIDERATION OF THE PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION OR, IN THE ALTERNATIVE,
FOR EXTENSION OF TIME WITHIN WHICH TO RESPOND TO THE MOTION
(THE PLAINTIFF OPPOSES THIS MOTION)**

The Defendant, Buccaneers Limited Partnership, d/b/a Tampa Bay Buccaneers ("Defendant"), moves for a stay of the Court's consideration of the Plaintiff's motion for class certification. In the alternative, the Defendant moves to extend the time within which to respond to the motion for class certification in order to allow the taking of discovery relevant to certification. In support of its motion, the Defendant says, and in the memorandum which follows will argue more fully, that the motion for certification is premature because the parties have not yet complied with the Court's FLSA Scheduling Order ("Scheduling Order"), a case management report has not been prepared and the case management order has not yet been entered. Additionally, although this case is before the Court based on Federal question jurisdiction, the Plaintiff seeks certification only of a class based on alleged violations of the Florida Constitution relating to the Florida, not Federal

minimum wage law. Resolution of the motion for certification will require the treatment of several issues of Florida law, which will predominate over the single-Plaintiff Wage-Hour suit on which the Court's jurisdiction is based  The Defendant anticipates the filing of a motion to dismiss the state court claim which is before the Court on pendant jurisdiction. Alternatively, the motion for certification raises many issues of fact and law as to which no discovery has been taken. Defendant therefore seeks in the alternative an extension of time within which to respond to the motion for certification so that discovery relevant to that motion may be taken.

## CERTIFICATION OF COMPLIANCE

The undersigned certifies that pursuant to Local Rule 3.01(g), he has conferred with opposing counsel to attempt resolution of the issues raised in this motion and opposing counsel does not consent and opposes the granting of this motion in all respects including the request for alternative relief.

## MEMORANDUM

The Plaintiff filed her initial collective action complaint and demand for jury trial on May 19, 2014, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq,* ("FLSA"). Collective actions brought to enforce FLSA are governed by 29 U.S.C. §216(b), which allows for such actions but only on an "opt-in" basis, requiring all "similarly situated" persons who wish to join the class to file a consent to do so and expressly limiting the suit to those persons who have taken that action. The Plaintiff who alleges that she was employed by the Defendant from April 2012 to March 2013 did not allege the existence of any similarly situated employees necessary to maintain a class pursuant to 29 U.S.C. §216(b),

which provides:

> An action to recover the liability described [in this section] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employee for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party to any such action unless he gives his consent in writing to become a party and such consent is filed in the court in which the action is brought.

The Plaintiff did not describe such an action. She did, however, plead the existence of a class, in language applicable to FRCP Rule 234 comprised of "all 'cheerleaders' who worked for Defendant within the last three years who were not compensated at the required minimum wages due under the FLSA." She alleged that these class members had been subjected to the "same pay provisions" and were compensated pursuant to a uniform method of payment that "was applicable to all class members" and did not depend on the personal circumstances of Plaintiff or those joining this lawsuit." (Complaint, paragraphs 26-32).

The Plaintiff also alleged that she is "entitled to receive the applicable statutory Florida minimum wage for each week [she] has worked during [her] employment with the Defendant pursuant to 29 C.F.R. §778.5," thus pleading entitlement to wages that were alleged to be due her by virtue of Florida law. (Complaint, paragraph 39).

Less than twenty-one days later, on June 3, 2014, the Plaintiff filed an amended class/collective action complaint and demand for jury trial. In that pleading, the Plaintiff again alleged violations of the FLSA but added claims under Article X, Section 24 of the Florida Constitution. The amended complaint includes collective action allegations for both a class of all cheerleaders "who worked for the Defendant within the last three years" and were not paid the "required minimum wage" due under the FLSA, and another class that

would include all cheerleaders "who worked for the Defendant within the last five years" and were not paid at least "the Florida minimum wage for all hours worked in one or more workweeks." The Plaintiff filed a notice of consent to join her own FLSA action. No other consents have been filed to date.

On June 30, 2014, the Court entered its FLSA Scheduling Order. In that Order, which was entered because of the Court's finding of the need to "implement a schedule tailored to meet the particular circumstances of this case which is based on the **Fair Labor Standards** Act," the Court waived the requirements of F.R.C.P. Rule 26(a)(1) and Local Rule 3.05(c)(2)(B) and (d) relating to the filing of a case management report, stayed all discovery and set forth specific procedures that were to be followed by the parties. These included the exchange of specified information and the ultimate requirement that:

> No later than **thirty** (**30**) **days** after Defendant files the Verified Summary [of all hours worked by Plaintiff during each relevant pay period, the rate of pay and wages paid, including overtime pay, if any], counsel for Plaintiff and Defendant shall meet **in person** in a good faith effort to settle all pending issues, including attorney's fees and costs. Counsel shall have full authority to settle, and shall set aside sufficient time for a thorough, detailed, and meaningful conference that is calculated to fully resolve the case by agreement. No agreement, including one as to attorney's fees and costs, shall be binding until approved by the Court.

The Order further provides that:

> No later than **ten (10) days** after the settlement conference, counsel shall jointly file a Report Regarding Settlement that notifies the Court whether: (1) the parties have settled the cased; (2) the parties have not settled the case but wish to continue settlement discussions for a specified period of time; (3) the parties wish to engage in a formal mediation conference before a specific mediator on or before a specific date; (4) either party requests a settlement conference before a United States Magistrate Judge; or (5) the parties have exhausted all settlement efforts and will file immediately a Case Management Report signed by counsel for all parties.

The Scheduling Order dealt specifically with collective actions, but only in the context of 29 U.S.C. §216(b), speaking to the treatment of opt-in plaintiffs and limiting the exchange of documentation to only those persons who have executed consents to join. The Order does not treat in any way any opt-out collective action such as that pled by the Plaintiff in her amended complaint.

The Plaintiff has complied with all of the Scheduling Order's requirements requiring the provision of information. She served answers to the Court's interrogatories on July 30, 2014. The Defendant's last statement, the verified summary described in the Order, is due on August 14, 2014. The parties therefore have not conducted or even scheduled the settlement discussions ordered by the Court before the filing of a case management report. Consistent and in compliance with the Scheduling Order, the parties have not conducted discovery. The Defendant has made several attempts to initiate settlement discussions with the Plaintiff's counsel, even before the entry of the Scheduling Order. None has been responded to.

The Plaintiff filed her motion for class certification on July 22, 2014. The Plaintiff seeks certification of a class made up of "All 'Cheerleaders' who worked for Defendant from June 3, 2009, to date, who were not compensated at the required minimum wages due under the Florida Constitution." The Plaintiff does not seek certification of a class as defined by 29 U.S.C. §216(b), including those who have not been paid wages due them under the FLSA and executed a consent. There are no such opt-ins other than the Plaintiff herself. No other person has filed consent to join since May 19, 2014, when the suit was originally filed. The Plaintiff only a class, pursuant to FRCP 23, consisting of those "'cheerleaders'" who were allegedly not paid wages owed them under the Florida Constitution. The Plaintiff does not

seek certification of a class composed of those who opt in to the action but requests certification of a traditional opt-out class, which could not be maintained under Federal law.

## ARGUMENT

The relevant Federal Rules of Civil Procedure and the Local Rules of this Court require the formulation of a case management report before the parties proceed with the prosecution and defense of this suit. The operation of those rules has been stayed by the Court's Scheduling Order, applicable to the case precisely because it has been brought under the auspices of the FLSA. The Order requires that before the parties proceed with the litigation of this case that they engage in an attempt to settle any and all issues that are raised by it. The Plaintiff seeks to avoid that requirement or render it meaningless by moving for certification of a class defined by the minimum wage requirements of Florida law, before compliance with the Order, the entry of a case management order or the taking of relevant discovery.

The motion is inconsistent with the Scheduling Order and premature. In *Jennie E. Urshan v. Orlando Utilities Commission,* Case Number 6:08-cv-2029-Orl-22DAB (U.S.D.C.M.D.Fla.), the Magistrate Judge denied the plaintiff's motion to strike an affirmative defense "pursuant to the FLSA Scheduling Order which effectively limits any motions practice until attempts to settle have failed." (*Id.*, Order, January 26, 2009). In *Bryan D. Williams v. Kenco Logistic Services, LLC,* Case No. 8:09-cv-709-T-26MAP (U.S.D.C.M.D.Fla.), the Court denied as premature a motion to permit notice to potential opt-in plaintiffs and for class certification, ordering the parties to provide a date for the filing of such a motion in the case management report. Both rulings are consistent with the Rules

of Civil Procedure as well as the Scheduling Order. Both require that there be consultation before the matter at issue proceeds to active litigation.

The Defendant has at all times been ready and has in fact sought the opportunity to discuss the settlement of the Plaintiff's case. The Court's Scheduling Order mandates that those discussions take place, to include all persons who may join the action. The Plaintiff's motion for certification would undermine that result and is therefore premature. It should therefore be denied without prejudice. In addition to the fact that the motion for certification renders the Scheduling Order meaningless the motion for certification is addressed to only one of the classes pled by the Plaintiff. It is made before discovery has been planned pursuant to a case management order or allowed pursuant to the Scheduling Order. The Defendant therefore asks the Court to determine class certification on a pendant state claim, leaving unresolved for future treatment the collective action for which she prays in the Federal claim, without affording the Defendant the benefit of discovery. But the Defendant does not move for denial here, only that the Court stay consideration of the motion for certification pending compliance with the Scheduling Order which dictates the parties' conduct at this point and requires discussion of settlement.

The motion for certification raises a number of issues that would require application of Florida law which is not by any means settled. The motion therefore presents a compelling argument that the Court should decline pendant jurisdiction and the Defendant anticipates the filing of a motion seeking dismissal of the state court claims, which clearly raise issues of Florida law which predominate over any federal question that has been raised in this case. The Court previously has recognized those grounds for dismissal. *DeMauro v.*

*Limo, Inc.*, 2010 WL 2471501 (M.D.Fla. June 17, 2010)(declining to exercise pendent jurisdiction over a Florida minimum wage claim on the grounds that the claim raised novel and complex legal issues and the interests of judicial economy).

The issue of certification of a class defined by the members' entitlement to minimum wages required by Florida law does in fact raise many issues that would in no little time overwhelm the Federal claims. The Plaintiff seeks definition of the class under the Florida Constitution. She does not treat requirements of Florida Statutes, except to allege that she "has complied with all statutory prerequisites" even though they are unconstitutional. (Amended Complaint, paragraph 65). In fact, the question of the constitutionality of the statute in question, Florida Statutes §448.110, is itself an issue of law which any court dealing with the Plaintiff's motion for certification must treat. In *Nichols v. Laboratory Corporation of America*, 2014 WL 820656 (M.D.Fla. March 3, 2014), the Court, noting the divergence of opinion within this judicial district, citing *Throw v. Republic Enterprise Systems, Inc.*, 2006 WL 1823783 (M.D.Fla. June 30, 2006), found that the provisions of the state statute were applicable and controlling.

Section 448.110(6)(a) expressly requires that "before bringing any claim for unpaid minimum wages pursuant to this section, the person aggrieved shall notify the employer alleged to have violated this section, in writing of an intent to initiate such an action. This notice must identify the minimum wages to which the person aggrieved claims entitlement, the actual or estimated work dates for which payment is sought, and the total amount of wages through the date of the notice." The Defendant has specifically denied Plaintiff's own compliance with the pre-suit notice. As noted, the Plaintiff claimed entitlement to state

minimum wages in her original complaint, without alleging compliance. Moreover, the Plaintiff does not allege that any other person, and specifically any other person who might be a member of the class, has provided the notice. Section 448.110(9) treats class actions and requires that in any class action brought pursuant to this section, "the plaintiffs shall prove, by a preponderance of evidence, the individual identity of each class member and the individual damages of each member." The law applicable to the class sought by the Plaintiff therefore would require the notice required by Florida law and the ability of the Plaintiff to serve as a representative of such a class. Moreover, the Plaintiff claims entitlement under the Florida Constitution to the minimum wage for each hour worked, presumably without regard to the average wage that was paid to the Plaintiff, a concept that is contrary to the law and regulations applicable to FLSA wages.

It is clear that the Plaintiff who has pending only a single employee's claim for FLSA wages seeks to misuse the pendant jurisdiction of the Court to resolve issues of Florida law and questions of fact that are relevant only to the State law claim. The true objective of the Plaintiff's suit is a class action brought in Federal court driven by Florida law. The motion subverts the Court's order and misuses pendent jurisdiction. Consideration of the motion should be stayed.

Finally, the motion for certification contains allegations and raises questions that will require discovery in order to resolve. The Plaintiff claims knowledge of the pay practices that were in effect for four years during which the Plaintiff had no relationship to the team, claims knowledge of persons who have expressed fear of being "kicked off or blackballed from" the cheerleading squad should they join the suit and makes other allegations which the

Defendant disputes and which would require discovery to resolve. The Defendant therefore asks that if the stay requested herein is not granted that the Defendant be allowed time within which to schedule and take discovery related to the question of certification.

## CONCLUSION

For the reasons set forth above, the Plaintiff's motion for certification should be stayed pending the completion of and compliance with the Court's Scheduling Order, including the discussion of settlement, and the entry of a case management order. Alternatively, the Defendant seeks leave and an appropriate time within which to conduct discovery related to the motion for certification.

          Respectfully submitted,

          /s/Thomas M. Gonzalez
          Thomas M. Gonzalez
          Florida Bar No.: 192341
          Thompson, Sizemore, Gonzalez & Hearing, P.A.
          One Tampa City Center
          201 North Franklin Street, Suite 1600
          Tampa, Florida 33602
          Telephone: (813) 273-0050
          Facsimile: (813) 273-0072
          tgonzalez@tsghlaw.com
          Attorneys for the Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished this 8th day of August, 2014, via CM/ECF electronic filing to the Clerk of Court and to the following:

Kimberly D. Woods
Morgan & Morgan, P.A.
20 N. Orange Avenue, 14th Floor
Orlando, FL  32801

Andrew R. Frisch
Morgan & Morgan, P.A.
600 N. Pine Island Road, Suite 400
Plantation, FL  33324

/s/Thomas M. Gonzalez
Attorney