# EXHIBIT "A"

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**MANOUCHCAR PIERRE-VAL, on
behalf of herself and those similarly
situated,**

|  |  |
|---|---|
|  | **CASE NO.:   8:14-CV-01182-CEH-EAJ** |

   **Plaintiffs,**

**vs.**

**BUCCANEERS LIMITED
PARTNERSHIP, d/b/a Tampa Bay
Buccaneers,**

   **Defendant.**     **/**

## JOINT STIPULATION OF CLASS AND COLLECTIVE
## ACTION SETTLEMENT AND RELEASE

   This Joint Stipulation of Class and Collective Action Settlement and Release (the "Agreement")
is entered into by and between Plaintiff, the classes of individuals that she seeks to represent and
Defendant (each, as hereinafter defined) (together, "the Parties").

## RECITALS

1.  Plaintiff, MANOUCHCAR PIERRE-VAL ("Plaintiff" or "Pierre-Val") filed a complaint on May
  19, 2014, alleging violations of the Fair Labor Standards Act ("FLSA").  Thereafter, on June 3,
  2014, Plaintiff filed her Amended Complaint, alleging violations of the FLSA, and the Florida
  Constitution, arising out of Defendant's failure to pay its cheerleaders minimum wages in
  accordance with the FLSA and/or Florida Constitution.  The Amended Complaint sought
  certification of Plaintiff's unpaid wage claims, pursuant to Section 216(b) of the FLSA, as an
  opt-in collective action, and pursuant to Fed. R. Civ. Proc. 23 as an opt-out class action.

2.  On or about July 22, 2014, Plaintiff filed her Motion to Certify Class, seeking to certify, under
  Rule 23, a class of cheerleaders who worked for Defendant within the 5 years preceding the date
  of her Amended Complaint.

3.  Thereafter, on November 26, 2014, Plaintiff filed her Motion to Conditionally Certify Collective
  Action and to Permit Court-Approved Notice, under 29 U.S.C. § 216(b).

4.  On September 3, 2014, the Parties attended a full-day mediation before mediator James Brown in
  Tampa, Florida.  However, the Parties were unable to reach a settlement at mediation and the
  mediation ended in an impasse.

5.   Subsequent to the full-day mediation, between September 17, 2014, and December 23, 2014, the parties subsequently attended 3 separate half-day in-person settlement conferences in which they continued to attempt to negotiate a settlement of the instant claims.

6.   The parties vigorously disputed both the merits of the complaint allegations and whether the litigation was appropriate for conditional certification and/or class certification.

7.   Throughout the pendency of the case, the Parties engaged in formal and informal discovery. Class Counsel engaged in substantial investigation practice including interviewing Plaintiffs and individuals who may be FLSA Class Members and Rule 23 Class Members, and analyzing time, schedules, payroll records and meal receipt records voluntarily produced by Defendant.

8.   Ultimately after many rounds of negotiations, the Parties reached a settlement on December 23, 2014.

9.   Defendant has denied and continues to deny all of the allegations made by Plaintiff in the Litigation and has denied and continues to deny that they are liable or owe damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation, including the claims asserted in the Amended Complaint. Nonetheless, without admitting or conceding any fault, wrongdoing, liability or damages, Defendant has agreed to settle the Litigation on the terms and conditions set forth in this Agreement, subject to Court approval, to avoid the burden, expense, and uncertainty of continuing the Litigation.

10.  Prospective Class Counsel, based upon their analysis and their evaluation of a number of factors, recognize the substantial risks of continued litigation with respect to certain claims, including the possibility that the Litigation, if not settled now, might result in a recovery that is less favorable to the Plaintiff, the potential FLSA Class Members and Rule 23 Class Members, compared to the settlement terms reflected herein, and that such recovery, if any, would not occur for several years. Prospective Class Counsel is satisfied that the terms and conditions of the Agreement are fair, reasonable, and adequate and that the Agreement is in the best interests of Plaintiff, the potential FLSA Class Members and Rule 23 Class Members.

11.  The Agreement represents a compromise of highly disputed claims, both on the merits and as to whether either a class or a collective action is appropriate. Nothing in the Agreement is intended or will be construed as an admission by Defendant that Plaintiff's claims have merit or that class or collective action certification is appropriate with respect to any of the claims asserted in the Litigation.

12.  It is the Parties' intention that the Agreement shall constitute a full and complete settlement and release of all claims against Defendant that were alleged in the Litigation, including all claims based on the facts underlying the claims alleged in the Complaint and Amended Complaint.

13.  In consideration of the mutual covenants and promises set forth in the Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to a full and complete settlement of the Litigation on the following terms and conditions, subject to Court approval.

2

1.   **DEFINITIONS**

The defined terms set forth herein shall have the meanings ascribed to them below.

1.1   **Agreement.** "Agreement" shall mean this Joint Stipulation of Class and Collective Action Settlement and Release.

1.2   **Claims Administrator.** "Claims Administrator" shall mean American Legal Claims Services, LLC the neutral entity jointly selected by the Parties to provide notice to the Class, administer payment of the settlement to members of the FLSA Class and the Rule 23 Class and to complete the other tasks described in the Settlement.

1.3   **Claim Form.** "Claim Form" shall mean the form, in the form appended hereto as **EXHIBIT A**, to be submitted by Rule 23 Class Members who wish to participate in the Rule 23 Class settlement and thereby receive a proportional share of the settlement.

1.4   **Class.** "Class" shall mean, in context, members of either the FLSA Class, and/or the Rule 23 Class.

1.5   **Class Counsel.** "Class Counsel" shall mean Morgan & Morgan, P.A.  For purposes of providing any notices required under the Agreement, Class Counsel shall mean Andrew Frisch, Esq. and Kim De Arcangelis of Morgan & Morgan, P.A.

1.6   **Court.** "Court" shall mean the United States District Court for the Middle District of Florida, the Honorable Judge Charlene Edwards Honeywell  presiding.

1.7   **Covered Period.** "Covered Period" with respect to the Rule 23 Class shall mean the period from June 3, 2009, through May 9, 2014, the date on which Defendant revised its pay policy. Covered period for the FLSA Class shall be the period of May 19, 2011, through May 9, 2014, the date on which Defendant revised its pay policy.

1.8   **Covered Positions.** "Covered Positions" shall mean the Cheerleader positions maintained by Defendant.

1.9   **Defendant.** "Defendant" shall mean Buccaneers Limited Partnership doing business as Tampa Bay Buccaneers.

1.10  **Defendant's Counsel.** "Defendant's Counsel" shall mean Thompson, Sizemore, Gonzalez & Hearing, P.A.  For the purposes of providing any notices required under the Agreement, Defendant's Counsel shall refer to Thomas M. Gonzalez of Thompson, Sizemore, Gonzalez & Hearing, P.A.

1.11  **Dual Class Members.** "Dual Class Member" shall mean an FLSA Class Member who is also a Rule 23 Class Member, i.e., an individual who opted into the Litigation, prior to the date of the settlement, and who worked in one of the Covered Positions in the State of Florida during the Covered Period applicable to the Rule 23 Class.

3

1.12  **Effective Date.** The "Effective Date" is the date on which the Agreement becomes effective, which shall mean the later of: (1) thirty (30) days following the Court's Order Granting Final Approval of the settlement if no appeal is taken of the final approval order, or (2) the Court's entry of a final order and judgment after resolving any appeals.

1.13  **Fairness Hearing.** "Fairness Hearing" shall mean the hearing on the Motion for Judgment and Final Approval.

1.14  **FLSA Class; FLSA Class Member.** "FLSA Class" shall mean all current and former Cheerleaders employed by Defendant during the Covered Period applicable to the FLSA Class. A member of the FLSA Class is an "FLSA Class Member."

1.15  **Limitations Period.** "Limitations Period" with respect to an FLSA Class Member shall mean the period that starts on May 15, 2011, and runs through May 9, 2014, the date on which Defendant revised its pay policy.

1.16  **Litigation.** "Litigation" shall mean *Pierre-Val v. Buccaneers Limited Partnership*, Case No. 8:14-cv-01182-CEH-EAJ, pending in the United States District Court for the Middle District of Florida.

1.17  **Maximum Settlement Payment.** "Maximum Settlement Payment" shall mean the maximum amount that Defendant can be obligated to pay in connection with this Settlement, which is no more than $825,000.00, exclusive of any employer-borne taxes that may be associated with the payment of back wages hereunder.

1.18  **Net Settlement Fund.** "Net Settlement Fund" shall mean the remainder of the Maximum Settlement Payment after deductions for the Class Administrator's fees, Court-approved attorneys' fees and costs as described in Section 3.3, and Court-approved service awards to Plaintiff and Geneva Maccarone as described in Section 3.4.

1.19  **Notice.** "Notice" shall mean the Notices of Settlement of the Class/Collective Action Lawsuit and Fairness Hearing in the forms appended hereto as **EXHIBIT B**, which shall be used to provide notice, respectively, to FLSA Class Members, Rule 23 Class Members and Dual Class Members.

1.20  **Order Granting Final Approval.** "Order Granting Final Approval" shall mean the final Order entered by the Court after the Fairness Hearing.

1.21  **Order Granting Preliminary Approval.** "Order Granting Preliminary Approval" shall mean the Order entered by the Court preliminarily approving, *inter alia*, the terms and conditions of the Agreement, the manner and timing of providing notice to the Class, and the time period for opt-outs and objections.

1.22  **Parties.** "Parties" shall mean Plaintiff and Defendant.

1.23  **Plaintiff.** "Plaintiff" shall mean Manouchcar Pierre-Val. The term "Plaintiff" shall also include any and all representatives, heirs, administrators, executors, beneficiaries, agents, and assigns of Manouchcar Pierre-Val, as applicable and without limitation.

1.24    **Qualified Class Member.** "Qualified Class Member" shall mean Rule 23 Class Members who file timely Claim Forms and who do not opt out of the Rule 23 Class settlement pursuant to Section 2.5 of the Agreement. Dual Class Members shall be deemed to be Qualified Class Members without having to submit any Claim Form, provided they do not opt out of the Rule 23 Class settlement. A Dual Class Member who opts out of the Rule 23 Class will not be a Qualified Class member, but will still be an FLSA Class Member. Similarly, to the extent any Cheerleader eligible for both the FLSA Class and the Rule 23 Class elects to opt-in to the FLSA Class, but opt out of the Rule 23 Class, same will still be an FLSA Class Member.

1.25    **Released Claims.** "Released Claims" shall mean any and all claims released by Plaintiff, the FLSA Class Members and the Rule 23 Class Members as provided in Section 3.9 of the Agreement, and shall be based upon the election, if any, that each individual class member makes on her claim form.

1.26    **Releasees.** "Releasees" shall mean Defendant, its and/or their respective affiliates and other related entities, and all of its and/or their incumbent and former officers, directors, owners, shareholders, investors, agents, attorneys, employees, fiduciaries, successors, assigns, and representatives, in their individual and/or representative capacities.

1.27    **Rule 23 Class; Rule 23 Class Member.** "Rule 23 Class" shall mean all individuals who, during a portion of the Covered Period applicable to the Rule 23 Class, and specifically from June 3, 2009 to May 9, 2014, were employed by Defendant in a covered position.   A member of the Rule 23 Class is a "Rule 23 Class Member."

## 2.    APPROVAL AND CLASS NOTICE

2.1    **Claims Administration.** Within 5 calendar days after the Order Granting Preliminary Approval, the Defendant shall exchange all information necessary for the Claims Administrator to effectuate notice to each class member.  The Claims Administrator shall be responsible for mailing Notice to the Class and the Claim Forms, determining eligibility, and calculating the FLSA Class Members' and Qualified Class Members' shares of the Net Settlement Fund (pursuant to the formulas outlined in Section 3.13 herein).

Within five (5) business days after the Final Approval Order, Defendant will wire transfer to the Settlement Claims Administrator the sum necessary to make the payments set forth in this Agreement.

Within fourteen (14) calendar days after the Effective Date, the Claims Administrator will mail Individual Payments to Qualified Class Members and the Named Plaintiff's service awards. Within fourteen (14) calendar days after the Effective Date, the Claims Administrator also will mail Class Counsel a check for attorneys' fees and costs.

The Parties agree to cooperate with one another and assist each other in any way possible in administering the Settlement.

5

2.2 **Preliminary Approval by the Court.** On or before February 13, 2015, unless otherwise agreed, Plaintiff will submit to the Court a Motion for Preliminary Rule 23 Class Certification, Approval of the Class Action Settlement and Collective Action Settlement ("Preliminary Approval Motion"). In connection with the Preliminary Approval Motion, Plaintiff will submit to the Court, among other things: (a) a proposed Claim Form, which is appended hereto as Exhibit A; (b) proposed Notices which are appended hereto as Exhibit B, and (c) a proposed Order Granting Preliminary Approval. Plaintiff will provide Defendant with the opportunity to review and comment on the proposed Order Granting Preliminary Approval prior to filing it. The Parties will meet and confer in good faith to attempt to resolve any disputed items in these papers. The Preliminary Approval Motion will seek the setting of dates for Rule 23 Class Members to opt-out and/or file objections, and for a Fairness Hearing. Defendant will not oppose the Preliminary Approval Motion.

2.3 **Denial of Preliminary Approval.** If the Court denies the Preliminary Approval Motion in part or in full, then the Parties agree to attempt renegotiation of the settlement to correct the terms in question. Should such renegotiations be successful, the Parties agree to jointly seek reconsideration of the ruling or seek Court approval of a renegotiated settlement. Should such renegotiations fail and/or should the Parties' attempt to secure Court approval of a renegotiated settlement be denied, the case will proceed as if no settlement had been attempted. In that event, Defendant shall retain the right to contest whether the Litigation should be maintained as a collective action, to assert any exemptions, to challenge the Rule 23 class action allegations in the Amended Complaint, and to contest the merits of the claims being asserted by Plaintiff in the Litigation. In that event, the Parties will also negotiate and submit for Court approval a revised case management schedule.

2.4 **Class Notice.**

(A)   No later than 5 days after the date of the Order Granting Preliminary Approval, Defendant will provide the Claims Administrator with a list, in electronic form, of the (1) names, (2) last known addresses, (3) last known telephone numbers, (4) social security numbers, and (5) dates of employment of each member of the Class. The Claims Administrator will not use this information for any purpose other than for effectuating Notice hereunder.

(B)   Within 15 days of the date of the Order Granting Preliminary Approval, the Claims Administrator shall mail the Notices and Claim Forms, to all Rule 23 Class Members and FLSA Class Members (including Dual Class Members), via First Class United States mail, postage prepaid, using each individual's last known address as recorded in Defendant's records and provided pursuant to Section 2.4(A). The Claims Administrator shall take all reasonable steps to obtain the correct address of any member of the Class for whom the Notice is returned by the post office as undeliverable, including using social security numbers to obtain better address information, and shall attempt re-mailings as described below.

(C)   In order to participate in the Rule 23 Class settlement, Rule 23 Class Members will be required to submit their request for a settlement payment to Class Counsel as provided in the Notice by timely returning the completed Claim Form. Dual Class Members shall be

6

deemed to have already submitted a claim in the Rule 23 Class and will not be required to submit a Claim Form. With the exception of Dual Class Members, to the extent Rule 23 Class Members do not return their Claim Form within 90 days after mailing of the Notice, settlement funds allocated for such claims shall revert to Defendant.

(D)   Any Cheerleader who worked for Defendant within the Covered Period regarding the FLSA Class, by definition also worked for Defendant within the Covered Period regarding the Rule 23 Class. To the extent any such FLSA Class member elects to participate in the FLSA Class, but not the Rule 23 Class, such amounts allocated to such Cheerleader in excess of their FLSA claims period shall revert to Defendant.

(E)   If any Notices are returned to the Class Counsel as undeliverable, the Claims Administrator will attempt up to two re-mailings per Class Member. Class Counsel shall, within 10 days after any second mailing of the Notice, notify Defendant's Counsel of the precise date of the end of the 90-day Rule 23 claim period, described in Section 2.4(C). Subject to the deadlines contemplated by the previous sentence, to the extent Notices are returned to the Claims Administrator as undeliverable and one or two re-mailings are attempted, the date of the second mailing to an individual, or the third mailing if applicable, shall trigger the claim or response period for such individual.

## 2.5   Rule 23 Class Member Opt-Out.

(A)   With the exception of the Plaintiff, any Rule 23 Class Member including any Dual Class Member may request exclusion from the Rule 23 Class by "opting out." Any such individual who chooses to do so must mail a written, signed statement to Class Counsel that he or she is opting out of the Settlement ("Opt-Out Statement"). The Opt-Out Statement must contain the name, address and telephone number of the individual to be valid. It must also contain the words "I elect to exclude myself from the settlement in *Pierre-Val v. Buccaneers Limited Partnership.*" in order to be valid. To be effective, such Opt-Out Statement must also be sent via mail and postmarked by a date certain to be specified in the Notice, which will be 90 calendar days after Class Counsel mails the Notice. The 90-day period will begin to run from the first mailing, except for those whose first mailing was returned to Class Counsel as undeliverable, in which case the 90-day period for any such individual will begin to run from the date of the second mailing (or, if there is another re-mailing, the final mailing) to such individual unless another period is set by the Court. Class Counsel shall not attempt more than 2 re-mailings of the Notice. The end of the "Opt-Out Period" shall be 90 days after the last day on which Class Counsel makes a mailing, but no later than 14 days before the date of the Fairness Hearing. Class Counsel shall, within 10 days after the last day on which it makes such a mailing, notify Class Counsel and Defendant's Counsel of the precise date of the end of the Opt-Out Period.

(B)   Class Counsel shall stamp the postmark date on the original of each Opt-Out Statement that it receives and shall serve copies of each Statement on Class Counsel and Defendant's Counsel not later than 3 days after receipt thereof. Class Counsel shall, within 24 hours of the end of the Opt-Out Period, send a final list of all Opt-Out Statements to Class Counsel and Defendant's Counsel. Class Counsel shall retain the

stamped originals of all Opt-Out Statements and the originals of all envelopes accompanying Opt-Out Statements in its files until such time as Defendant provides Class Counsel with written authorization to destroy them.

    (C)    Settlement funds allocated to Rule 23 Class Members and Dual Class Members who opt out pursuant to this provision shall revert to Defendant.

**2.6**    **Objections to Settlement.**

    (A)    Rule 23 Class Members, including Dual Class Members, who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing. To be considered, such statement must be mailed to Class Counsel by a date certain, to be specified on the Notice of Proposed Class Action Lawsuit and Fairness Hearing, which shall be 30 days after the Claims Administrator mails the Notice. The statement must contain the name, address and telephone number of the Class Member to be valid. It must also contain the words "I object to the settlement in *Pierre-Val v. Buccaneers Limited Partnership*" and set forth the reasons for the objection. Class Counsel shall stamp the date received on the original objection and send copies of each objection to Class Counsel and Defendant's Counsel not later than 3 days after receipt thereof. Class Counsel shall also file the date-stamped originals of any and all objections with the Clerk of Court within 3 business days after the end of the Opt-Out period.

    (B)    An objector also has the right to appear at the Fairness Hearing either in person or through counsel hired by the objector. An objector who wishes to appear at the Fairness Hearing must state his or her intention to do so at the time he/she submits his/her written objections. An objector may withdraw his/her objections at any time. Any Rule 23 Class Member who has filed an Opt-Out Statement may not submit objections to the proposed settlement.

    (C)    The Parties may file with the Court written responses to any objections no later than 7 business days before the Fairness Hearing.

**2.7**    **Motion for Judgment and Final Approval.** No later than 14 days before the Fairness Hearing, Plaintiff will submit a Motion for Judgment and Final Approval. The Fairness Hearing shall be held at the Court's convenience.

**2.8**    **Final Order and Judgment from the Court.** Plaintiff will seek to obtain from the Court, as a condition of settlement, a Final Order and Judgment in a form to be agreed upon by the Parties. The proposed Final Order and Judgment will, among other things: (a) finally certify the Rule 23 Class and FLSA Collective Action Class for purposes of settlement, (b) enter Judgment in accordance with this Agreement, (c) approve the settlement as fair, adequate, reasonable, and binding on all Qualified Class Members, and on all FLSA Class Members, (d) dismiss the Litigation with prejudice, (e) enter an order permanently enjoining all Rule 23 Class Members who do not opt out from pursuing and/or seeking to reopen claims that have been released by the Agreement, and (f) incorporate the terms of the Agreement. Defendant will not oppose the application for the Final Order and Judgment.

2.9    **Effect of Failure to Grant Final Approval.** If the Court denies entry of a Final Order and Judgment, in part or in full, then the Parties jointly agree to attempt renegotiation of the settlement to correct the terms in question. Should such renegotiations be successful, the Parties agree to jointly seek reconsideration of the ruling denying entry of Judgment, or seek Court approval of the renegotiated settlement. In the event any reconsideration or approval of a renegotiated settlement is denied, then the following will apply:

    (A)    The Litigation will proceed as if no settlement had been attempted. In that event, the Rule 23 class, if previously certified by the Court for purposes of settlement pursuant to the process set forth in the Agreement, shall be decertified, and Defendant retains the right to contest whether the Florida state law claims alleged in the Amended Complaint should be maintained as a class action. In that event, Defendant also retains the right to contest whether the litigation should be maintained as a collective action, to assert any exemptions, to challenge the Rule 23 class action allegations in the Amended Complaint and to contest the merits of all of the claims being asserted by Plaintiff in the Litigation. In that event, the Parties will also negotiate and submit for Court approval a revised case management schedule.

    (B)    The Court will provide notice to Rule 23 Class Members that the Agreement did not receive final approval and that, as a result, no payments will be made to Rule 23 Class Members under the Agreement. Such notice shall be mailed by Class Counsel via First Class United States Mail, postage prepaid, to the last address used by Class Counsel in mailing the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing. Class Counsel will provide appropriate notice to FLSA Class Members.

    (C)    Defendant shall retain the right to contest whether the litigation should be maintained as a collective action, to assert any exemptions, to challenge the Rule 23 class action allegations in the Amended Complaint, and to contest the merits of all of the claims being asserted by Plaintiff in the Litigation. In that event, the Parties will also negotiate and submit for Court approval a revised case management schedule.

3.    **SETTLEMENT TERMS**

3.1    **Interim Stay of Proceedings.** The Parties agree to refrain from taking any further steps to pursue their claims and/or defenses in the Litigation, except such proceedings necessary to implement and obtain an order granting final approval of the terms of the Agreement. The Parties further agree that the mutual, voluntary cessation of litigation shall terminate if the Motion for Final Approval is denied by the Court. The Parties agree that the statute of limitations period for the Rule 23 Class will be tolled, effective June 3, 2014, through the date of filing the Preliminary Approval Motion.

3.2    **Settlement Payment.**

(A)    Defendant agrees to pay a Maximum Settlement Payment of $825,000.00, which shall create a Common Fund and shall resolve and satisfy: (a) all amounts to be paid to the Class; (b) Court-approved service payments to Plaintiff and Geneva Maccarone; (d) Class Counsel's attorneys' fees and costs, as approved by the Court; and (e) all costs of Claims Administration. Other than the employer's share of payroll taxes as described in Section 3.6(C), Defendant will not be required to pay more than $825,000.00 under the Agreement.

(B)    Defendant will fund the settlement on the Effective Date by remitting to the Claims Administrator, individual checks for each Plaintiff and Class Member, and will remit to Class Counsel an individual check for Class Counsel's attorneys' fees and costs, the amount needed to pay valid claims, plus the other costs and expenses outlined in section 3.2(A), in the total amount calculated by Class Counsel, which in no case shall exceed the Net Settlement Fund.

(C)    The Claims Administrator will hold the settlement payment made by Defendant, described in Section 3.2 (B) in escrow. Within 14 days of receipt of the payment, the Claims Administrator will distribute the money held in the escrow by making the following payments:

(1)    Paying Class Counsels' Court-approved attorneys' fees and costs as described in Section 3.3(A).

(2)    Paying the Court-approved service payments as described in Section 3.4.

(3)    Paying Qualified Class Members their portion of the Net Settlement Fund as described in Section 3.14, OR paying FLSA Class Members, who elect to opt in to the FLSA Class but opt out of the Rule 23 Class their portion of the Net Settlement Fund, allocated to their FLSA claim alone.

3.3    **Settlement Amounts Payable as Attorneys' Fees and Costs.**

(A)    Prior to the Fairness Hearing, Class Counsel shall petition the Court for no more than 32% of the Maximum Settlement Payment as an award of attorneys' fees, inclusive of reasonable litigation costs and expenses, from the Maximum Settlement Payment. Defendant will not oppose such applications.

(B)    The substance of Class Counsels' application for attorneys' fees and costs is not part of the Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of any proceeding related to Class Counsels' application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Final Order and Judgment. Any monies allocated to attorneys' fees and costs that are not approved by the Court become part of the Net Settlement Fund.

10

3.4 **Service Payments.**

(A) Plaintiff will apply to the Court to receive $6,500.00. Similarly, Plaintiff will apply to the Court for a Service Payment to opt-in Plaintiff, Geneva Maccarone, in the amount of $3,500.00.

(B) Defendant will not oppose such application. The service awards and the requirements for obtaining such payments are separate and apart from, and in addition to, Plaintiff and Maccarone's recovery from the Net Settlement Fund. The substance of the above-referenced application for service payments is not part of the Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy and good faith of the settlement of the Litigation. The outcome of the Court's ruling on the application(s) for service awards shall not terminate the Agreement or otherwise affect the Court's ruling on the Motion for Judgment and Final Approval. Any monies allocated to service payments that are not approved by the Court become part of the Net Settlement Fund.

3.5 **No Effect on Other Benefits.** Neither individual payments from the Net Settlement Fund nor any other compensation provided to either Plaintiff or members of either Class shall create any credit or otherwise affect the calculation of benefits provided under any benefit or compensation plan or program provided by Defendant (such as 401(k), pension, bonus, severance, or deferred compensation plans), and no payment made pursuant to the Agreement shall be deemed compensation for purposes of such plans/programs, require any contribution or award under such plans/programs, or otherwise require or modify coverage, contributions, or benefits under such plans/programs. Members of the Class shall be deemed to have waived all such benefit or compensation plan or program claims, whether known or unknown by them, as part of their releases of claims under the Agreement.

3.6 **Taxability of Settlement Payments.**

(A) For tax purposes, 50% of payments made to Qualified Class Members and to FLSA Class Members pursuant to Section 3.14 shall be treated as back wages and 50% of such payments shall be treated as liquidated damages and prejudgment interest.

(B) Payments treated as back wages pursuant to Section 3.6(A) shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and social security number on an IRS Form W-2. Payments treated as liquidated damages and interest pursuant to Section 3.6(A) shall be made without withholding and shall be reported to the IRS and the payee, to the extent required by law, under the payee's name and social security number on an IRS Form 1099. Payments of attorneys' fees and costs pursuant to Section 3.3 shall be made without withholding. Class Counsel will provide Defendant's Counsel a completed W-9 and receive a Form 1099 for this payment. Any service awards pursuant to Section 3.4 shall be made without withholding and reported to the IRS and the payee under the payee's name and social security number on an IRS Form 1099.

11

(C)     Defendant shall be responsible for the cost of any payroll taxes ordinarily borne by the employer associated with wage payments, including but not limited to Defendant's share of the FICA tax and any federal and state unemployment tax due, with respect to the amounts treated as wages pursuant to Section 3.6(A).

The employee portion of all applicable payroll taxes shall not be Defendant's responsibility. Any tax responsibility for the non-wage portion of the payments to Qualified Class Members, Dual Class Members and/or FLSA Class Members shall not be Defendant's responsibility.

3.7   **Tax Liability.** Defendant's counsel and Class Counsel make no representations as to the tax treatment or legal effect of the payments called for hereunder, and members of the Class are not relying on any statement or representation by Defendant's counsel or Class Counsel in this regard. Members of the Class understand and agree that they will be solely responsible for the payment of any taxes and penalties which may be owed on the payments made to them pursuant to the Agreement, with the exception of payroll taxes Defendant is required to pay.

3.8   **Circular 230 Disclaimer.** The Parties acknowledge and agree that: no provision of the Agreement, and no written communication or disclosure between or among the Parties or their counsel, is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice within the meaning of United States Treasury Department circular 230 (31 CFR part 10, as amended).

3.9   **Release.**

(A)     **Release of Claims.** Upon the Effective Date, each Rule 23 Class Member who does not timely opt out, will release all Florida State wage-and-hour claims that have been or could have been brought in the Litigation against Defendant ("the Released Claims"), up to and including May 9, 2014.

By endorsing her settlement check, each FLSA Class Member, who opts out of the Rule 23 Class, shall release Defendant from all FLSA claims, that were brought in the Litigation or that are based on the same facts and circumstances as the claims brought in the Litigation, through May 9, 2014.

FLSA Class Members who elect to opt-out of the Rule 23 Class shall be issued settlement checks with the following language:

By endorsing this check, I release Defendant and other Releasees from all wage and hour claims under the Fair Labor Standards Act which have been brought or which could have been brought in the Litigation, *Pierre-Val v. Buccaneers Limited Partnership*, **8:14-cv-01182-CEH-EAJ**, including but not limited to minimum wage and overtime wage claims for all time periods through *[Date]*, and expressly release any such claims.

12

With the exception of Dual Class Members and FLSA Class Members who elect to opt-out of the Rule 23 Class, Rule 23 Class members who submit a valid claim shall be issued settlement checks with the following language:

> By endorsing this check, I release Defendant and other Releasees from all wage and hour claims under the Fair Labor Standards Act which have been brought or which could have been brought in the Litigation, *Pierre-Val v. Buccaneers Limited Partnership, 8:14-cv-01182-CEH-EAJ*, and any wage and hours claims under any state law, including but not limited to minimum wage and overtime wage claims for all time periods through *[Date]*, and expressly release any such claims.

(B)   **Release of Fees and Costs for Settled Matters.** Class Counsel and Plaintiff, on behalf of the FLSA Class and the Rule 23 Class and each individual member of the Class, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Defendant for attorneys' fees or costs associated with Class Counsel's representation of Plaintiffs and the FLSA Class and the Rule 23 Class, in exchange for the receipt of attorneys' fees and costs payable hereunder.

(C)   **No Assignment.** Class Counsel and Plaintiff, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any interest or claim in this Litigation, or any portion thereof.

(D)   **Non-Admission of Liability.** By entering into this Agreement, Defendant in no way admits any violation of law or any liability whatsoever to Plaintiff and/or the Class, individually or collectively, all such liability being expressly denied. Likewise, by entering into this Agreement, Defendant in no way admits to the suitability of this case for class or collective action litigation other than for purposes of settlement. Settlement of the Litigation, negotiation and execution of the Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Agreement or the settlement: (a) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendant or of the truth of any of the factual allegations made in the Litigation; and (b) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Defendant in any civil, criminal, administrative or arbitral proceeding. The Parties understand and agree that the Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of the Agreement.

3.10   **Plaintiff's Waiver of Right to Opt-Out and/or Object.** Plaintiff agrees to sign the Agreement and by signing the Agreement acknowledges that she is thereby bound by the terms herein. For good and valuable consideration, Plaintiff further agrees that she will not file an Opt-out Statement or otherwise seek exclusion from the Rule 23 Class settlement. Plaintiff further agrees

13

that she will not object to the proposed settlement. Any effort to seek exclusion or object to the settlement shall be void and of no force or effect.

3.11  **No Solicitation of Opt-Outs or Settlement Objections.** At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Rule 23 Class Members, including Dual Class Members, to opt-out and/or to present written objections to the Agreement, or to appeal from the Court's final judgment. Defendant shall not solicit potential Class Members to not participate in the Settlement.

3.12  **Calculation of Net Settlement Fund.** The Net Settlement Fund shall be calculated by deducting, from the Maximum Settlement Payment approved by the Court, the following amounts: (a) Court-approved attorneys' fees and costs; (b) Court-approved Service Awards, detailed in Section 3.4; and (c) class administration costs. The Net Settlement Fund shall be allocated among the Class as described in Section 3.13.

3.13  **Distribution to the Class.**

(A)  Qualified Class Members and FLSA Class Members will be deemed eligible for an individual settlement payment from the Net Settlement Fund according to the terms of this Section 3.13. Qualified Class Members and FLSA Class Members will release their claims as a condition of receiving their payments, as provided in Section 3.9 of the Agreement.

(B)  Notwithstanding the formulas below, no Qualified Class Member will be awarded a payment that is less than $100.00 (before taxes are deducted). In the event that a Qualified Class Member's settlement share under the calculation set forth in Section 3.13(C) is less than $100.00, his or her settlement share will be increased to $100.00 and subtracted from the portion of the Net Settlement Fund allocated to the Rule 23 Class settlement and all other Qualified Class Members' settlement shares will be recalculated.

(C)  Each Rule 23 Class member will be required to elect either their Rule 23 Class share or their FLSA Class share so no Cheerleader will be eligible to receive both a Rule 23 Class award and an FLSA Class award.

The amounts due to the FLSA Class members and the Qualified Class Members shall be calculated using the same methodology. For all Class members, an individual's proportionate share of the Net Settlement Fund, and his or her individual settlement payment, shall be determined by Class Counsel pursuant to the formula set forth below.

(1)  Each Qualified Class Member shall be eligible to receive a dollar certain amount, to be determined by Class Counsel, for each season she worked in a Covered Position for Defendant during the Covered Period.

(2)  Each FLSA Class Member shall be eligible to receive a dollar certain amount, to be determined by Class Counsel, for each season she worked in a Covered Position for Defendant during the Covered Period.

14

(3)     To calculate the proportionate share of the Net Settlement Funds and individual settlement payment to be made available to the Class under Paragraphs 3.13(C)(1) and (2):

      (a)     Add all seasons worked by Qualified Class Members in the Covered Period to obtain the "Total Denominator" for the Rule 23 Fund.

      (b)     Divide the number of seasons worked by each Qualified Class Member or FLSA Class Member in the Covered Period or the Limitations Period, as applicable, by the Total Denominator for the respective fund to obtain each individual's "Proportionate share of the Net Settlement Fund."

      (c)     Multiply each individual's Proportionate Share of the Net Settlement Fund by the portion of the Net Settlement Fund allocable to the applicable Class claims to determine each individual's settlement payment.

(4)     Class Counsels' calculations regarding an individual's proportionate share of the Net Settlement Fund and the individual's settlement payment will be final and binding.

(D)     The Claims Administrator shall mail to all Qualified Class Members their individual settlement payments within 14 calendar days of the Effective Date.  The Claims Administrator shall use reasonable efforts to make an additional mailing to Qualified Class Members whose checks are returned because of incorrect addresses.

(E)     Qualified Class Members and FLSA Class Members will have one hundred twenty (120) calendar days after their check date to redeem their individual settlement payments.  If not redeemed during the 120 day period, their settlement checks will be void and the amount of such checks shall revert to Defendant.  If a Qualified Class Member or an FLSA Class Member alerts Class Counsel, or Defendant's Counsel during the 120-day period to redeem settlement payments that he or she has not received his or her settlement check, Class Counsel will, upon confirming that the settlement check in question has not been redeemed, issue a stop payment on the Qualified Class Member's original settlement check and reissue that Qualified Class Member's settlement check.  All such reissued checks will be valid for forty-five (45) days after the date of issue and will be void thereafter.  Reversion of such void amounts shall be made to Defendant within 14 days thereafter.

15

(F)     All payments to Qualified Class Members and FLSA Class Members made pursuant to the Agreement shall be deemed to be paid to such individuals solely in the year in which such payments actually are received by them.

3.14    **Class Certification for Settlement Purposes Only.** The Parties agree that the Preliminary Approval Motion seeking, *inter alia,* certification of the Rule 23 Class is for purposes of obtaining judicial approval of the terms of the Agreement. If, for any reason, the settlement is not approved, the stipulation to class certification will have no force or effect. The Parties further agree that certification for settlement purposes is in no way an admission that class certification is proper under the standard applied to contested certification motions and that nothing in the Agreement can be construed as evidence that (i) a class should be certified as Plaintiff proposed or (ii) Defendant is liable to Plaintiff or the Rule 23 Class.

3.15    **Dismissal of the Action.** The Parties agree that, upon final approval of the terms of the Agreement, the Litigation will be dismissed in its entirety with prejudice.

3.16    **Nullification of the Agreement.** If (i) the Court does not finally approve the settlement as provided herein, or (ii) if the Court's final approval of the settlement terms contemplated by the Agreement is reversed or materially modified on appeal, the Agreement shall be null and void and any order or judgment entered by the Court in furtherance of the Agreement shall be treated as void from the beginning.

3.17    **No Solicitation of Settlement Objections or Exclusions.** At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage members of the Class to submit either written objections to the Agreement or to appeal from the Court's final judgment. Subject to their ethical obligations, Class Counsel will take all reasonably necessary steps to ensure that all FLSA Class Members participate in the settlement.

3.18    **Miscellaneous.**

A.      **Cooperation Among the Parties; Further Acts.** The Parties shall cooperate fully with each other and shall use their best efforts to obtain the Court's preliminary and final approval of the Agreement and all of its terms as quickly as possible. Each of the Parties, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of the Agreement.

B.      **Entire Agreement.** The Agreement constitutes the entire agreement between the Parties with regard to the settlement of the Litigation, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this agreement.

16

C.  **Binding Effect.**  The Agreement shall be fully enforceable and binding upon the Parties and, with respect to Plaintiff and the Class, their spouses, children, representatives, successors, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.  The Agreement shall be admissible and subject to disclosure in any proceeding to enforce its terms.

D.  **Arms' Length Transaction; Materiality of Terms.**  The Parties have negotiated all the terms and conditions of the Agreement at arm's length.  All terms and conditions of the Agreement in the exact form set forth in the Agreement are material to the Agreement and have been relied upon by the Parties in entering into this Agreement.

E.  **Captions.**  The captions or headings of the sections and paragraphs of the Agreement are integral parts of this Agreement.

F.  **Construction.**  Each party participated jointly in the drafting of the Agreement, and therefore the terms and conditions of the Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

G.  **Severability.**  Following the Effective Date, if any provision of the Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of the Agreement will remain in full force and effect.

H.  **Governing Law.**  The Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of Florida, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

I.  **Continuing Jurisdiction.**  The Court shall retain jurisdiction over the interpretation and implementation of the Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

J.  **Waivers, etc. to Be in Writing.**  No waiver, modification or amendment of the terms of the Agreement, whether purportedly made before or after the Court's approval of the settlement contemplated by the Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of the Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of the Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of the Agreement.

17

K.    **When Agreement Becomes Effective; Counterparts.** The Agreement shall become effective upon its execution. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Plaintiffs and Defendant had signed the same instrument.

L.    **Facsimile/Electronic Signatures.** Each party will execute this Agreement on the designated signature block below and direct counsel to transmit that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing the Agreement shall be deemed an original signature for purposes of the Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

M.    **Parties' Authority to Sign.** The signatories to the Agreement hereby represent that they are fully authorized to enter into the Agreement on behalf of themselves or their respective principals.

N.    **Dispute Resolution.** Except as otherwise set forth herein, all disputes concerning the interpretation, calculation, or payment of settlement claims, or other disputes regarding compliance with the Agreement, shall be resolved as follows: (a) If the Plaintiff or Class Counsel, on behalf of the Plaintiff or any Qualified Class Member, or Defendant at any time contend that the other party has breached or acted contrary to the Agreement, that party shall notify the other party in writing of the alleged violation. (b) Upon receiving notice of the alleged violation or dispute, the responding party shall 10 days to correct the alleged violation and/or respond to the initiating party with the reasons why the party disputes all or part of the allegation. (c) If the response does not address the alleged violation to the initiating party's satisfaction, the Parties shall negotiate in good faith for up to 10 days to resolve their differences. (d) If Class Counsel and Defendant are unable to resolve their differences after 30 days of the writing referenced in this section, either party may file an appropriate motion for enforcement with the Court.

O.    **Class Members Bound by Settlement.** Because of the number of Class Members, it is impractical to have each Class Member execute the Agreement. The Class Notice will inform all Class Members of the binding nature of the Released Claims, which shall have the same force and effect as if the Agreement were executed by each Class Member.

P.    **Exhibits Incorporated by Reference.** The terms of the Agreement include the terms set forth in any attached Exhibits, which are incorporated by this reference as though fully set forth herein. Any Exhibits to the Agreement are an integral part of the Agreement.

Q.    **Computation of Deadlines.** Unless otherwise specified, the term "days" means calendar days.

R.    **Incorporation of Recitals.** The recitals contained in the paragraphs number 1-12, preceding, the Definitions portion of this agreement are incorporated by reference hereto.

18

DATED: February 2\ 2015

_____
Manouchcar Pierre-Val

DATED: February 26 2015

_____
Buccaneers Limited Partnership
By: BRIAN FORD