**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MANOUCHCAR PIERRE-VAL, on**
**her own behalf and all similarly situated**
**individuals,**

    **Plaintiff,**

v.                                       **CASE NO.: 8:14-cv-01182-CEH-EAJ**

**BUCCANEERS LIMITED PARTNERSHIP,**
**d/b/a Tampa Bay Buccaneers,**

    **Defendant.**
_____/

**ORDER GRANTING PLAINTIFF'S AND CLASS COUNSELS' UNOPPOSED**
**MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS** [1]

        This matter comes before the Court upon the Unopposed Motion for Award of Attorney's Fees and Costs (Doc. 61) and Supplemental Unopposed Motion for Award of Attorney's Fees and Costs (Doc. 68), filed by Plaintiff Manouchcar Pierre-Val, on her own behalf and those similarly situated (hereinafter, "Plaintiff"). Defendant filed responses to Plaintiff's Motions (Docs. 63 and 69). Having considered and approved the terms and conditions of the Settlement (Doc. 72), and having considered the parties' submissions and the argument of counsel at the Final Fairness Hearing on October 1, 2015, the Court finds as follows:

---

[1] This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

1. This case concerns alleged violations of the Fair Labor and Standards Act ("FLSA") and the Florida Minimum Wage Act ("FLMWA"). Plaintiff filed her initial complaint on May 19, 2014, and her Amended Complaint on June 3, 2014. In her Amended Complaint, Plaintiff sought certification, pursuant to Section 216(b) of the FLSA, of a collective action comprised of all of Defendant's cheerleaders who worked for Defendant within the 3 years prior to the date the complaint was filed who were not paid at least the statutory minimum wage for all hours worked in one or more workweeks. The Amended Complaint also sought certification of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP"), intended to include all Defendant's cheerleaders who worked for Defendant within the last five (5) years who were not paid at least the Florida Minimum Wage for all hours worked in one or more workweeks.

2. On December 23, 2014, the parties reached a settlement in principle, on a class-wide basis, regarding all claims in the case. After additional negotiations, the parties reduced their agreement to a formal Settlement Agreement. The Court preliminarily approved the Settlement Agreement, and notice was distributed to all Class Members. On October 1, 2015, the Court held a Fairness Hearing, at which time it took additional argument from the parties and presented an opportunity for any Class Member present to speak. No Class Member objected to any of the terms of the Settlement Agreement, and the Court approved the Settlement Agreement.

3. Under the terms of the Settlement Agreement, Defendant agreed to create a settlement fund of up to $825,000.00 (the "Fund"). The Fund is to cover awards to

Class Members, court-approved attorneys' fees and costs, court-approved service payments to class representative Manouchcar Pierre-Val and opt-in plaintiff Geneva Maccarone, and costs of administering the settlement.

4. Plaintiff's counsel now applies for thirty-two percent (32%) of the maximum Fund as attorneys' fees, or $264,000.00, which includes their reasonable litigation costs.

5. Upon consideration of the parties' submissions, the Court finds that the amount of fees requested is fair and reasonable using the "percentage of a common fund" method, as discussed by the Eleventh Circuit in *Camden I Condominium Ass'n v. Dunkle,* 946 F.2d 768, 774 (11th Cir. 1991).

6. In making this determination, the Court has considered (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (3) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Camden I*, 946 F.2d at 775 and n.3 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The Court has also considered "the time required to reach a settlement, whether there are any substantial objections by class members or other parties to the settlement terms or the fees requested by counsel, any non-monetary benefits

conferred upon the class by the settlement and the economics involved in prosecuting a class action." *Camden I*, 946 F.2d at 775.

7.     The claims here are more complicated than a typical minimum wage claim, and involve, for example, exemptions that do not often arise in a minimum wage case.  Class Counsel have extensive experience litigating wage and hour claims as well as serving as class counsel.  *See* Docs. 68-1 ("Frisch Decl.") ¶¶ 9-18; 68-4 ("De Arcangelis Decl.") ¶ 4.

8.     Class Counsel also expended significant time and effort, and advanced costs and expenses, without any guarantee of compensation.  To begin with, attorneys' fees were entirely contingent upon success in this litigation.  *See* Frisch Decl. ¶ 8.  Further, Class Counsel expended over 300 hours of attorney time over the course of more than a year to prosecute and settle this case, and will also likely need to expend more time to resolve any issues that may arise from the administration of the Settlement.  *See* De Arcangelis Decl. ¶¶ 6-7.  Class Counsel thus incurred real risks in undertaking this representation.

9.     Class Counsel negotiated a fair and favorable settlement for the Class Members, as evidenced by the high response rate and the fact that no Class Member objected to any of the terms of the Settlement Agreement.

10.    Finally, Class Counsel's request for thirty-two percent (32%) of the Fund is consistent with the fees awarded by other courts in the Eleventh Circuit.  *See, e.g.*, *Wolff v. Cash 4 Titles*, Case No. 03-cv-22778, 2012 WL 5290155, at *4 (S.D. Fla. Sept. 26, 2012) ("One-third of the recovery is considered standard in a contingency fee

agreement."); *Hosier v. Mattress Firm, Inc.*, Case No. 10-cv-294, 2012 WL 2813960, at *4 (M.D. Fla. June 8, 2012) (approving a common fund FLSA settlement which provided 30% of the common fund for attorneys' fees and costs); *Morefield v. NoteWorld, LLC*, Case Nos. 10-cv-117 and 11-cv-29, 2012 WL 1355573, at *5 (S.D. Ga. April 18, 2012) (class settlement approved with 33 1/3% of the common fund payable as attorneys' fees); *Atkinson v. Wal-Mart Stores, Inc.*, Case No. 08-cv-691, 2011 WL 6846747, at *6 (M.D. Fla. Dec. 29, 2011) (approving class settlement with one-third of maximum common fund apportioned as attorneys fees). Accordingly, for the reasons stated above,

**IT IS HEREBY ORDERED:**

1. Plaintiff's Unopposed Motion for Award of Attorney's Fees and Costs (Doc. 61) and Supplemental Unopposed Motion for Award of Attorney's Fees and Costs (Doc. 68) are **GRANTED**.

2. Plaintiff's Class Counsel is awarded thirty-two percent (32%) of the total maximum Fund, or $264,000.00, as attorneys' fees and costs, to be paid from the Fund.

3. The Claims Administrator will disburse the award of attorneys' fees and costs to Class Counsel within 15 days of the Effective Date.

**DONE AND ORDERED** in Tampa, Florida on December 7, 2015.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
*Counsel of record*

5